# EXHIBIT A

## "Complaint"

# EXHIBIT A

FILED
Electronically
CV23-00381
2023-03-02 02:44:38 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9538103 : csulezic

**$1425**
Mark G. Simons, Esq. (SBN 5132)
Duncan G. Burke, Esq. (SBN 13081)
SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, Nevada 89511
Telephone:    (775) 785-0088
Facsimile:     (775) 785-0087
Email: msimons@shjnevada.com;
         dburke@shjnevada.com

*Attorneys for Plaintiff*

## IN THE SECOND JUDICIAL DISTRICT FOR THE STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

RYAN DREXLER, an individual,

    Plaintiff,

v.

TIM SILVER, an individual, DOES 1 to 10; and
ROE CORPORATIONS 1-10, inclusive,

    Defendants.

_____/

CASE NO:

DEPT. NO:

## COMPLAINT
**{Arbitration Exempt NAR 3; Excess of $50,000, Declaratory Relief, Unusual Circumstances}**

Plaintiff Ryan Drexler ("Drexler"), by and through his attorneys, SIMONS HALL

JOHNSTON PC, hereby complains and alleges as follows:

### PARTIES AND JURISDICTION

1.    Drexler is a resident of Washoe County, State of Nevada.

2.    Defendant Tim Silver is believed to be a resident of New York ("Silver").

3.    Plaintiff does not know the true names and capacities of defendants sued herein as

DOES 1 through 10, inclusive, and therefore sues these defendants by fictitious names (the "Doe

Defendants" and together with Silver, the "Defendants"). Plaintiff is informed and believes, and

thereon alleges, that each of these fictitiously named defendants are responsible in some actionable

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

manner for the events and occurrences referred to in this Complaint. Plaintiff requests leave of Court to amend his Complaint to name the defendants specifically when their identities become known.

4.    Plaintiff does not know the true names and capacities of defendants sued herein as ROE CORPORATIONS 1-10, inclusive, and therefore sues these defendants by fictitious names (the "Roe Defendants"). Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named defendants are responsible in some actionable manner for the events and occurrences referred to in this Complaint. Plaintiffs request leave of Court to amend their Complaint to name the defendants specifically when their identities become known.

5.    Jurisdiction is proper in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe pursuant to Nevada Constitution Article 6 § 6, because this matter is excluded from the original jurisdiction of the justice courts, involves injuries and events directed to Washoe County and seeks declaratory relief.

6.    Venue is proper in this Court pursuant to NRS 13.040 as this action is brought to by Drexler in the county in which he resided.

7.    Plaintiff's suit seeks damages in excess of $50,000, seeks declaratory relief and this action presents unusual circumstances establishing good cause for exemption from the Nevada's Arbitration Program pursuant to NAR 3.

## PRELIMINARY STATEMENT

8.    Drexler is the founding member of MusclePharm Corporation ("**MusclePharm**" or the "**Company**") and is the current majority member of the Company holding 49.1%.

9.    MusclePharm is a Nevada company.

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

10.     MusclePharm's principal business is the manufacture and sale of various branded sports nutrition products. Prior to the pandemic, the value of the Company was estimated to be in excess of $50 million a year.

11.     In late 2021, MusclePharm was in financial distress when Empery Tax Efficient, LP ("Emprey"), a vulture fund operating out of New York, conceived of a scheme to take advantage of its distress and seize effective control of MusclePharm. Emprey's scheme was to capture the substantial value of the Company's intellectual property ("**IP**") and other assets.

12.     With full knowledge that MusclePharm could not obtain financing from conventional lending sources, Empery offered to provide capital through a complex series of agreements (generally the "Emprey Loans").

13.     In design and effect, Emprey Loans were not true loans, but were instead enhanced equity investments, inextricably intertwined with the securities purchase agreement, and designed to create inevitable conditions of default which would enable Empery to take control of the Company.

14.     The terms of Empery's Loans were so onerous that Empery knew it was inevitable that it could manufacture numerous grounds and excuses to declare that MusclePharm was in default.

15.     In March 2022, as the Emprey Loans were reaching maturity and in order to save the Company from financial collapse and provide desperately needed funding to manufacture products to fulfill profitable sales orders, Drexler provided to the Company a substantial personal revolving credit facility at an initial amount of approximately $3 million (the "**Drexler Revolver**").

16.     The Drexler Revolver grew over time to exceed $12 million.

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

17.    Empery needed and wanted Drexler to provide the revolver financing in order to enhance the Company's value and give Empery time to sell the IP at a going concern price, which it intended to do after declaring defaults under its "loans."

18.    In order to induce Drexler into continuing to loan his personal funds to the Company, Empery made numerous representations to Drexler, including but not limited to, promising and agreeing that, so long as there was no "Event of Default" under the Emprey Loans, Drexler could be repaid his advances under the Drexler Revolver on a regular basis.

19.    Accordingly, Drexler loaned in excess of $12 million to the Company, with the knowledge, agreement and approval of Emprey, and over time, the Company repaid portions of the money owed under the Drexler Revolver as agreed and allowed pursuant to the agreement of the parties.

20.    Subsequently, after Emprey induced Drexler to engage in advancing and repaying himself millions of dollars of his own funds to MusclePharm with the intention of subsequently declaring an event of default so as to prevent Drexler from receiving any further payments from MusclePharm at a time when the debt owed by MusclePharm was at an extremely high balance of $10,872.081.00 (the "Drexler Debt").

21.    As a result of Emprey's predatory lending scheme to take over MusclePharm and exploit its assets, Emprey sought to declare manufactured events of default so as to, among other things, foreclose upon MusclePharm's assets.

22.    In response to Emprey's predatory lending scheme and abusive actions, on December 15, 2022, MusclePharm was forced to file for bankruptcy protection in the United States Bankruptcy Court for the District of Nevada in Case Number CV22-14422 -nmc (the "Bankruptcy Petition"). A true and correct copy of MusclePharm's Bankruptcy Petition is attached hereto as **Exhibit 1**.

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

23.     MusclePharm identifies in its schedules of assets and liabilities the Drexler Revolver and identifies (19) different payments on the Drexler Revolver from MusclePharm to Drexler totaling the amount of $6,358,350.69.  A true and correct copy of the excerpts of MusclePharm's Bankruptcy schedules filed on January 30, 2023 are attached hereto as **Exhibit 2**.

24.     MusclePharm also identifies in its schedules of assets and liabilities it is indebted to Drexler under the Drexler Revolver and the Drexler Debt in the amount of $10,872,081.  A true and correct copy of the excerpts of MusclePharm's Bankruptcy schedules filed on January 30, 2023 identifying the Drexler Debt are attached hereto as **Exhibit 2**.

25.     Drexler is informed and believes Silver is employed by Emprey as its Chief Financial Officer.

26.     After the filing of MusclePharm's Bankruptcy Petition, and during the course and scope of MusclePharm's bankruptcy proceedings, Silver contacted other creditors of MusclePharm seeking to induce them into participating in Emprey's scheme to take over MusclePharm and liquidate its assets, and/or alternatively, selling their credit position/debt to Emprey so that Emprey could control a greater percentage of MusclePharm's debt owed to creditors for additional leverage in MusclePharm's bankruptcy proceedings.

27.     Drexler is informed and believes that Silver contacted a number of MusclePharm's creditors, including but not limited to a creditor identified as Prestige Capital ("Prestige"), a holder of a debt owed by MusclePharm in the amount of $1,731,000 (the "Prestige Debt").

28.     MusclePharm's debt owed to Prestige is secured by a personal guaranty executed by Drexler (the "Prestige PG").

29.     Drexler is informed and believes that Silver made false and defamatory statements to Prestige about Drexler including but not limited to:  Drexler misappropriated funds from MusclePharm by making payments to himself; Drexler overcharged MusclePharm for advances he

made to MusclePharm; and Drexler took unauthorized money from MusclePharm and put it in into his own bank account.

30.     In addition, Drexler is informed and believes that Silver has been in contact with reporters seeking to generate publicity *against* Drexler so as to leverage and enhance Emprey's litigation position and creditor position in the Nevada bankruptcy proceedings.

31.     Drexler is informed and believes that Silver has made additional false and defamatory statements to the third-party reporter that Drexler acted criminally and/or with a lack of fitness in his trade, business and profession.

32.     In addition, Drexler is informed and believes that Silver disclosed a number of personal and private facts about Drexler to a third-party media representative relating to information that was private and/or confidential that Silver would not have access to in the normal course of events.

33.     At all relevant times, Silver knew Drexler was residing in and/or a resident of the State of Nevada.

34.     At all relevant times, Silver knew MusclePharm is a Nevada entity and a resident of the State of Nevada.

35.     At all relevant times, Silver knew MusclePharm had filed its Bankruptcy Petition in the United States Bankruptcy Court for the District of Nevada.

36.     At all relevant times, Silver knew MusclePharm's schedules identified the Drexler Revolver as a debt owed by MusclePharm, a Nevada company, to Drexler individually, a resident of the State of Nevada.

37.     At all relevant times, Silver knew MusclePharm's debt owed to Prestige was secured by a personal guaranty executed by Drexler, a resident of the State of Nevada.

38.     At all relevant times, Silver knew the Drexler Revolver, the Drexler Debt, the Prestige Debt and the Prestige PG were all subject to the jurisdiction of the Nevada bankruptcy proceedings.

### FIRST CLAIM FOR RELIEF
### (Defamation)

39.     Plaintiff incorporates all prior allegations as if fully set forth herein.

40.     Silver made false and defamatory statements about Drexler.

41.     Silver's statements to third-parties constitutes an unprivileged publication.

42.     When Silver made his statements, he was at least negligent in making the statements.

43.     Silver's statements about Drexler imputed criminal conduct and/or a lack of fitness for trade, business, and/or profession and was intended to injure Drexler in his business endeavors.

44.     When Silver's actions complained of were performed, he acted with spite and ill-will towards Drexler.

45.     Drexler has sustained both actual and presumed damages as a result of Silver's statement in an amount in excess of $50,000 to be proven at trial.

46.     When Silver's actions complained of were performed, he acted with oppression, fraud and malice and/or with the willful, intentional and reckless disregard of Drexler's rights and interests and, therefore, Drexler is entitled to punitive damages in excess of $15,000.00.

### SECOND CLAIM FOR RELIEF
### (Invasion of Privacy--False Light)

47.     Plaintiff incorporates all prior allegations as if fully set forth herein.

48.     Based upon information and belief, Silver has communicated private and confidential information about Drexler to media representatives for the purpose of giving publicity to a matter concerning Drexler that places Drexler before the public in a false light.

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

49.     The false light that Silver has sought to portray Drexler in would be highly offensive to a reasonable person.

50.     When Silver's actions complained of were performed, he acted negligently and/or had knowledge of and/or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Drexler would be placed.

51.     Drexler has sustained damages as a result of Silver's conduct in an amount in excess of $50,000 to be proven at trial.

52.     When Silver's actions complained of were performed, he acted with oppression, fraud and malice and/or with the willful, intentional and reckless disregard of Drexler's rights and interests and, therefore, Drexler is entitled to punitive damages in excess of $15,000.00.

### THIRD CLAIM FOR RELIEF
**(Invasion of Privacy – Public Disclosure of Private Facts)**

53.     Plaintiff incorporates all prior allegations as if fully set forth herein.

54.     As stated, Silver has made public disclosure of private facts and information concerning Drexler.

55.     Silver's disclosure of Drexler's private facts and information would be offensive and objectionable to a reasonable person of ordinary sensibilities.

56.     When Silver's actions complained of were performed, he acted negligently and/or had knowledge of and/or acted in reckless disregard as to the falsity of the publicized matter and the effect the disclosure of such information would have on the public's perception of Drexler.

57.     Drexler has sustained damages as a result of Silver's conduct in an amount in excess of $50,000 to be proven at trial.

58.     When Silver's actions complained of were performed, he acted with oppression, fraud and malice and/or with the willful, intentional and reckless disregard of Drexler's rights and interests and, therefore, Drexler is entitled to punitive damages in excess of $15,000.00.

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

## FOURTH CLAIM FOR RELIEF
### (Injunctive Relief)

59.     Plaintiff incorporates all prior allegations as if fully set forth herein.

60.     Silver continues to publish defamatory statements about Drexler, and/or continues to portray Drexler in a false light and/or discloses public disclosure of private facts and information concerning Drexler.

61.     Without injunctive relief, Plaintiff will suffer irreparable harm for which compensatory damages are inadequate.

62.     Plaintiff is entitled to an injunction enjoining Silver from further harmful and injurious conduct as referenced and incorporated herein.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Relief)

63.     Plaintiff incorporates all prior allegations as if fully set forth herein.

64.     A justiciable controversy exists between Drexler and Silver relating to the matters stated herein.

65.     The determination of the respective rights of Drexler and the liability of Silver is ripe and requires judicial intervention to resolve given Drexler's reputation and name and ongoing business relationships that have been harmed by Silver's conduct.

66.     The Court should declare and decree and enter an Order of Declaratory Relief that Silver's statements were/are defamatory in order for Drexler to mitigate against the harm sustained and continuing to be sustained by him due to Silver's conduct.

**WHEREFORE**, Plaintiff requests judgment against the Defendants as follows:

1.     For presumed damages in excess of $15,000 to be determined at trial;

2.     For compensatory damages in excess of $15,000 to be determined at trial;

3.    For punitive damages in excess of $15,000 to be determined at trial;

4.    For declaratory relief;

5.    For injunctive relief;.

6.    For an award of reasonable attorneys' fees and costs; and

7.    For such other and further relief as the Court may deem just and proper.

**AFFIRMATION:**  The undersigned do hereby affirm that the preceding document does not contain the social security number of any person.

DATED this ___ day of March, 2023.

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511

MARK G. SIMONS (SBN #5132)
DUNCAN G. BURKE (SBN #13081)
*Attorneys for Plaintiff*

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

1

**EXHIBIT LIST**

| NO. | DESCRIPTION | PAGES |
|-----|-------------|-------|
| 1 | Bankruptcy Petition | 13 |
| 2 | Bankruptcy Schedule Excerpts | 3 |

SIMONS HALL JOHNSTON PC
690 Sierra Rose Drive
Reno, NV 89511
Phone: (775) 785-0088

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

F I L E D
Electronically
CV23-00381
2023-03-02 02:44:38 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9538103 : csulezic

# EXHIBIT 1

# EXHIBIT 1

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

DISTRICT OF NEVADA

Case number *(if known)* _____    Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1.   Debtor's name**          **MusclePharm Corporation**

**2.   All other names debtor used in the last 8 years**

Include any assumed names, trade names and *doing business as* names

**3.   Debtor's federal Employer Identification Number (EIN)**          **77-0664193**

**4.   Debtor's address**

Principal place of business

**8275 South Eastern Avenue**
**Las Vegas, NV 89123**
Number, Street, City, State & ZIP Code

**Clark**
County

Mailing address, if different from principal place of business

P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal place of business

Number, Street, City, State & ZIP Code

**5.   Debtor's website (URL)**          _____

**6.   Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **MusclePharm Corporation**        Case number (*if known*) _____
        Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as described in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
____

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

---

Debtor    **MusclePharm Corporation**                                      Case number (*if known*) _____
          Name

**10. Are any bankruptcy cases**
**pending or being filed by a**          ■ No
**business partner or an**               ☐ Yes.
**affiliate of the debtor?**

List all cases. If more than 1,     Debtor _____     Relationship _____
attach a separate list              District _____ When _____     Case number, if known _____

**11. Why is the case filed in**     *Check all that apply:*
**this district?**
                                     ■   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
                                         preceding the date of this petition or for a longer part of such 180 days than in any other district.

                                     ☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or**       ■ No
**have possession of any**
**real property or personal**        ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**property that needs**
**immediate attention?**                      **Why does the property need immediate attention?** (*Check all that apply.*)

                                              ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
                                                 What is the hazard? _____

                                              ☐ It needs to be physically secured or protected from the weather.

                                              ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
                                                 livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
                                              ☐ Other

                                              **Where is the property?** _____
                                                                          Number, Street, City, State & ZIP Code

                                              **Is the property insured?**
                                              ☐ No
                                              ☐ Yes.   Insurance agency _____
                                                        Contact name _____
                                                        Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of**    .    *Check one:*
**available funds**
                                       ■ Funds will be available for distribution to unsecured creditors.

                                       ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of**       ■ 1-49                    ☐ 1,000-5,000           ☐ 25,001-50,000
**creditors**                     ☐ 50-99                   ☐ 5001-10,000           ☐ 50,001-100,000
                                  ☐ 100-199                 ☐ 10,001-25,000         ☐ More than100,000
                                  ☐ 200-999

**15. Estimated Assets**          ☐ $0 - $50,000            ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                                  ☐ $50,001 - $100,000      ■ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
                                  ☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                                  ☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million     ☐ More than $50 billion

**16. Estimated liabilities**     ☐ $0 - $50,000            ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion

Debtor    **MusclePharm Corporation**                                    Case number (*if known*) _____
                Name

☐ $50,001 - $100,000          ■ $10,000,001 - $50 million          ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000         ☐ $50,000,001 - $100 million         ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million       ☐ $100,000,001 - $500 million        ☐ More than $50 billion

| Debtor | **MusclePharm Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 15, 2022**
MM / DD / YYYY

*X* **/s/ Ryan Drexler**           **Ryan Drexler**
Signature of authorized representative of debtor     Printed name

Title   **Chief Executive Officer**

---

**18. Signature of attorney**

*X* **/s/ Samuel A. Schwartz**        Date **December 15, 2022**
Signature of attorney for debtor               MM / DD / YYYY

**Samuel A. Schwartz**
Printed name

**Schwartz Law, PLLC**
Firm name

**601 East Bridger Avenue**
**Las Vegas, NV 89101**
Number, Street, City, State & ZIP Code

Contact phone   **702-385-5544**     Email address   **saschwartz@nvfirm.com**

**10985 NV**
Bar number and State

---

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **MusclePharm Corporation** |
| United States Bankruptcy Court for the: | **DISTRICT OF NEVADA** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Empery Tax Efficient, LP** c/o Empery GP, LLC 1 Rockefeller Plaza, Ste 1205 New York, NY 10020 | | | | | | $0.00 |
| **Prestige Capital** 400 Kelby Street – 10th Floor Fort Lee, NJ 07024 | | | | | | $0.00 |
| **White Winston Select Asset Funds, LLC** 265 Franklin St, Ste 1702 Boston, MA 02110 | | | | | | $0.00 |

**United States Bankruptcy Court**
**District of Nevada**

In re    **MusclePharm Corporation**                                          Case No. _____

                                                    Debtor(s)                  Chapter    **11**


# VERIFICATION OF CREDITOR MATRIX


I, the Chief Executive Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is

true and correct to the best of my knowledge.



Date:    **December 15, 2022**                          **/s/ Ryan Drexler**
                                                        **Ryan Drexler/Chief Executive Officer**
                                                        Signer/Title

MusclePharm Corporation
8275 South Eastern Avenue
Las Vegas, NV 89123

Samuel A. Schwartz
Schwartz Law, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

United States Trustee
300 Las Vegas Blvd. South, #4300
Las Vegas, NV 89101

Clark County Assessor
c/o Bankruptcy Clerk
500 S. Grand Central Pkwy
Box 551401
Las Vegas, NV 89155-1401

Clark County Treasurer
c/o Bankruptcy Clerk
500 S. Grand Central Pkwy
PO Box 551220
Las Vegas, NV 89155-1220

Dept. of Employment, Training and Rehab
Employment Security Division
500 E. Third Street
Carson City, NV 89713

Nevada Dept of Taxation, BK Section
555 E. Washington Ave #1300
Las Vegas, NV 89101

Social Security Administration
Regional Chief Counsel, Region IX
160 Spear Street, Suite 800
San Francisco, CA 94105-1545

Empery Tax Efficient, LP
c/o Empery GP, LLC
1 Rockefeller Plaza, Ste 1205
New York, NY 10020

Prestige Capital
400 Kelby Street - 10th Floor
Fort Lee, NJ 07024

White Winston Select Asset Funds, LLC
265 Franklin St, Ste 1702
Boston, MA 02110

# United States Bankruptcy Court
### District of Nevada

In re   **MusclePharm Corporation** _____   Case No. _____

_____ Debtor(s)   Chapter   **11** _____

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **MusclePharm Corporation** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**December 15, 2022** _____   **/s/ Samuel A. Schwartz** _____

Date   **Samuel A. Schwartz**

Signature of Attorney or Litigant
Counsel for   **MusclePharm Corporation**
**Schwartz Law, PLLC**
**601 East Bridger Avenue**
**Las Vegas, NV 89101**
**702-385-5544 Fax:702-201-1330**
**saschwartz@nvfirm.com**

**ACTION BY WRITTEN CONSENT OF**
**CHIEF EXECUTIVE OFFICER OF**
**MUSCLEPHARM CORPORATION, A NEVADA CORPORATION**

Dated as of December 15, 2022

The UNDERSIGNED, constituting the Chief Executive Officer (the "**CEO**") of MUSCLEPHARM CORPORATION, a Nevada corporation (the "**Company**"), hereby consents in writing to the adoption of the following resolutions, as if they were adopted at a duly convened meeting of the officers at which a quorum was present and acting throughout, which actions are hereby deemed effective as of the date set forth above:

WHEREAS, the CEO has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the viability of the Company's business, and the strategic alternatives available to the Company;

WHEREAS, the CEO had the opportunity to consult with the management of the Company and the Company's advisors and to fully consider the strategic alternatives available to the Company, including, without limitation, the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of Title 11 of the United States Code (as amended, the "**Bankruptcy Code**"); and

WHEREAS, the CEO deems it advisable and in the best interests of the Company and its creditors, interest holders, and other parties in interest, to consent to and adopt, in the name of and on behalf of the Company, the following resolutions:

NOW, THEREFORE, IT IS:

RESOLVED, that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a voluntary Chapter 11 bankruptcy petition be filed by the Company, seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the District of Nevada; and it is further

RESOLVED, that the Chief Executive Officer of the Company, RYAN DREXLER (the "**Authorized Person**"), be, and is, authorized and directed to execute and file on behalf of the Company, all petitions, schedules, lists, motions, applications, and other papers or documents with the appropriate court under the Bankruptcy Code and to take any and all action that is necessary, proper, or

advisable to obtain such relief under the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and it is further

RESOLVED, that the law firm of SCHWARTZ LAW, PLLC ("Schwartz Law") be employed as counsel to the Company to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights including the preparation of pleadings and filings in connection with the Chapter 11 Case, and the Authorized Person of the Company is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Schwartz Law; and it is further

RESOLVED, that the Authorized Person of the Company be, and hereby is, authorized and directed to employ any other individual and/or firm as professionals or consultants to the Company as are deemed necessary or advisable to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and in connection therewith, the Authorized Person of the Company is hereby authorized and directed to execute appropriate retention agreements, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the Authorized Person is hereby authorized and empowered to execute, deliver, file, and perform any agreement, document, or any amendment to the foregoing, in the name and on behalf of the Company, as may be necessary or advisable for the Company to obtain post-petition, all on such terms as the Authorized Person deems necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and it is further

RESOLVED, that the Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take such additional actions, to perform all acts and deed, and to execute, ratify, certify, deliver, file, and record such additional agreements, notices, certificates, instruments, applications, payments, letters, and documents as any of them may deem necessary or advisable to implement the provisions of the foregoing resolutions, and to appoint such agents on behalf of the Company as such Authorized Person may deem necessary or advisable in connection with any financing arrangement, lending or the sale of assets, and the transactions contemplated by any of the foregoing, the authority for the taking of such action to be conclusive evidence thereof; and it is further

**RESOLVED**, that the Authorized Person is hereby authorized, empowered and directed, in the name and on behalf of the Company, to open and maintain one or more debtor-in-possession bank accounts for the Company, at such banks as the Authorized Person may determine, and that in connection therewith the Authorized Person may sign checks, authorize wire transfers and execute and deliver on behalf of the Company, such forms of banking resolutions as such banks may request and the Authorized Person may approve, which resolutions, when executed by such Authorized Person and inserted into the minute book of the Company, shall be deemed to be adopted by the Company with the same full force and effect as if such resolutions had been set forth herein in their entirety; and it is further

**RESOLVED**, that all of the acts and transactions taken by the Authorized Person or other authorized entities, in the name and on behalf of the Company, relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved, and ratified; and it is further

**RESOLVED**, that this written consent may be executed in any number of counterparts and by facsimile, portable document format, or other reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

*[No Further Text. Signature Page Follows.]*

IN WITNESS WHEREOF, the undersigned has executed this written consent as of the date first written above.

**MUSCLEPHARM CORPORATION**
**a Nevada corporation**

By: _____
Name: RYAN DREXLER
      Chief Executive Officer

F I L E D
Electronically
CV23-00381
2023-03-02 02:44:38 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9538103 : csulezic

# EXHIBIT 2

# EXHIBIT 2

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **MusclePharm Corporation** |
| United States Bankruptcy Court for the: | DISTRICT OF NEVADA |
| Case number (if known) | **22-14422-NMC** |

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **January 30, 2023**   X /s/ Gary Shirshac
_____
Signature of individual signing on behalf of debtor

**Gary Shirshac**
_____
Printed name

**CFO**
_____
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

| Debtor | **MusclePharm Corporation** | | Case number (if known) | **22-14422-NMC** |
|---|---|---|---|---|
| | Name | | | |

- ■ No
- ☐ Yes. Specify each creditor, including this creditor and its relative priority.

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

---

| 2.3 | **Empery Tax Efficient, LP** | Describe debtor's property that is subject to a lien | $12,840,000.00 | Unknown |
|---|---|---|---|---|

Creditor's Name

**c/o Empery GP, LLC
1 Rockefeller Plaza, Ste 1205
New York, NY 10020**

Creditor's mailing address

**All Assets**

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
- ■ No
- ☐ Yes

Date debt was incurred

Is anyone else liable on this claim?
- ■ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Last 4 digits of account number

Do multiple creditors have an interest in the same property?
- ■ No
- ☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

---

| 2.4 | **Prestige Capital** | Describe debtor's property that is subject to a lien | $1,731,000.00 | Unknown |
|---|---|---|---|---|

Creditor's Name

**400 Kelby Street – 10th Floor
Fort Lee, NJ 07024**

Creditor's mailing address

**Accounts Receivable**

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
- ■ No
- ☐ Yes

Date debt was incurred

Is anyone else liable on this claim?
- ■ No
- ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Last 4 digits of account number

Do multiple creditors have an interest in the same property?
- ■ No
- ☐ Yes. Specify each creditor, including this creditor and its relative priority.

As of the petition filing date, the claim is:
Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

---

| 2.5 | **Ryan Drexler** | Describe debtor's property that is subject to a lien | $10,872,081.00 | Unknown |
|---|---|---|---|---|

Creditor's Name

**724 Marewood Trl
Reno, NV 89511**

Creditor's mailing address

**All Assets**

Describe the lien

Is the creditor an insider or related party?
- ☐ No

---

| Debtor | **MusclePharm Corporation** | Case number *(if known)* | **22-14422-NMC** |
|---|---|---|---|

may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. **Ryan Drexler**<br>**724 Marewood Trl**<br>**Reno, NV 89511**<br>**Officer** | **2/22/2022,**<br>**2/24/2022,**<br>**2/28/2022,**<br>**3/1/2022,**<br>**3/2/2022,**<br>**3/7/2022,**<br>**3/7/2022,**<br>**3/9/2022,**<br>**3/10/2022,**<br>**3/15/2022,**<br>**3/30/2022,**<br>**3/31/2022,**<br>**4/21/2022,**<br>**6/10/2022,**<br>**6/23/2022,**<br>**7/8/2022,**<br>**7/18/2022,**<br>**9/20/2022,**<br>**9/21/2022.** | **$6,358,350.69** | **Repayments for revolving line of credit** |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

   | Creditor's name and address | Describe of the Property | Date | Value of property |
   |---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

   | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
   |---|---|---|---|

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

   | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
   |---|---|---|---|
   | 7.1. **SEE ATTACHED LIST** | | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.